**Lazerrick COFFEE, Plaintiff–Appellant,**

v.

**Edward D. LEWIS, et al., Defendants–Appellees.**

**No. 15–1936**

United States Court of Appeals, Seventh Circuit.

Submitted August 18, 2016 *

Decided August 18, 2016

Lazerrick Coffee, Pro Se.

Katelin B. Buell, Assistant Attorney General, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendants–Appellees.

Before RICHARD A. POSNER, Circuit Judge, FRANK H. EASTERBROOK, Circuit Judge, DIANE S. SYKES, Circuit Judge

### ORDER

Lazerrick Coffee, an Illinois inmate, sued several correctional officers under 42

---

briefs and record. *See* Fed. R. App. P. 34(a)(2)(C).

U.S.C. § 1983, claiming that they violated the Eighth Amendment during a cell extraction. The district court granted summary judgment to one defendant and after Coffee presented his case-in-chief to a jury, granted judgment as a matter of law to the remaining defendants. *See* FED. R. CIV. P. 50(a).

Coffee appeals only the grant of judgment as a matter of law. But to properly assess this argument, we would need to review the evidence Coffee presented at trial. *See* FED. R. CIV. P. 50(a)(1) (explaining that the district court may grant judgment as a matter of law if the evidence presented at trial does not provide "legally sufficient evidentiary basis to find for the party"). Coffee, however, failed to submit the trial transcript to this court. *See* FED. R. APP. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). He did request the transcript from the district court, but the court denied that request, and Coffee did not renew his request in this court or obtain the transcript using other means. Moreover, the appellees' response brief warned Coffee of the potential consequences of failing to provide a transcript. Thus, we decline to exercise our authority to order Coffee to supplement the record on appeal. *See* FED. R. APP. P. 10(e)(2)(C); *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003).

Because the absence of a transcript precludes our review, Coffee's appeal is DISMISSED.